P. A. OVERALL v. THE STATE.

CRIMINAL LAW. *Occasional insanity.* Where the proof shows the defendant was subject to occasional or temporary attacks of insanity, and was visited by one of such attacks shortly before the commission of the offense, and is not shown to have recovered sanity at the time the offense was committed, the law presumes the insane condition to remain as last shown.

FROM ROBERTSON.

Appeal in error from the Circuit Court of Robertson county.   J. C. STARK, J.

A. E. GARNER and L. T. COBBS for Overall.

ATTORNEY-GENERAL LEA for the State.

TURNEY, J., delivered the opinion of the court.

The accused was indicted in the circuit court of Robertson county and convicted of mule-stealing.

There was testimony tending to show insanity immediately before, and just after, the commission of the alleged offense.

The court charged the jury: " I am requested to instruct you that if the proof shows that the defendant was insane before he took the mules, that the law presumes that this state of mind existed till the proof shows the contrary to appear. Upon this subject I instruct you, that if the proof shall show general insanity existed in the defendant before he took the

mules, then this condition of mind will be presumed to continue until the contrary appears, and the same is true of partial insanity upon particular subjects, but the character of insanity which the law will presume to continue when once shown to exist, seems to be of an habitual and permanent character, and not merely occasional, or of a transitory and tentative character."

This was error. It is the rule in all cases, that insanity, or other condition of mind or body once shown to exist, is presumed to continue until the contrary is made to appear by proof. If the accused was subject to occasional and temporary attacks of insanity and was visited by one of such attacks shortly before the commission of the offense, and is not shown to have recovered sanity at the time of alleged wrong, the law presumes his insane condition to remain as last shown.

There is no reason why the presumption shall not apply to periodical lunacy, as well as to habitual or permanent derangement, or that an offense perpetrated by one temporarily insane should not be inquired of by the same rules of law and evidence as one perpetrated by an individual permanently and hopelessly insane. The question is, was the supposed perpetrator insane at the time of the act done? without regard to whether the insanity was occasional, or periodical, or permanent, or by what causes produced, so that it was such insanity as deprived its victim of capacity to purpose a violation of legal obligation, or to have had, in the act committed, a criminal intent.

Reverse the judgment.